IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ANSEL P. STREET,              )
                              )
       **Plaintiff,**         )
                              )
       v.                    )      1:12CV969
                              )
MONTGOMERY COUNTY, et al.,    )
                              )
       **Defendant(s).**      )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Ansel P. Street, has submitted a pro se complaint under 42 U.S.C. § 1983 and requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Plaintiff names several defendants, one of which, Montgomery County, is a government entity. Another, Kristian Allen, is listed as a District Attorney in a prior lawsuit by Plaintiff, Street v. Montgomery County, Case No. 1:12CV823 (MDNC). The facts in the present Complaint claim that Defendants L. Bunting and Randy Binns are police officers. (Docket Entry 1, § V.) The final defendant, Tameledge Legrand, is described by the Complaint as a police informant. (Id., § VI.)

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint,

or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Applicable to this case, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1] The Court may also anticipate affirmative

---

[1]Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint). Accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than
(continued...)

defenses that clearly appear on the face of the complaint. Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983).

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it fails to state a claim on which relief may be granted.

It is abundantly clear from the Complaint that Plaintiff is attempting to undermine his conviction for selling drugs to an undercover officer or informant. The entire Complaint is an attack on his conviction through allegations of problems with a warrant, being framed or misidentified as the person selling drugs, being deprived of a fair trial and plea bargain, and being tried by a rigged jury. Plaintiff's only request for relief involves what appears to be an attack on his sentence.[2] Plaintiff may not attack his sentence and conviction without first showing that such conviction has been reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or, finally, called into question by a federal court

---

[1](...continued)
the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)), cert. denied, ___ U.S. ___, 130 S. Ct. 2064 (2010), and cert. denied, ___ U.S. ___, 130 S. Ct. 3275 (2010).

[2]Much of the section of the Complaint where Plaintiff is supposed to list his requested relief is actually filled with further factual allegations. However, one line does state that he "would love for the courts to [illegible] [his] sentence at hand" because he was framed or misidentified. (Docket Entry 2, § VI.) This appears to be a request that his sentence be overturned or vacated in some way. If not, Plaintiff has not actually requested any relief.

through the issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477 (1994). Plaintiff fails to do so and, therefore, dismissal is proper.[3]

As a result, Plaintiff's request to proceed *in forma pauperis* should not be countenanced, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

Plaintiff has submitted the Complaint for filing, however, and, notwithstanding the preceding determination, § 1915(b)(1) requires that he make an initial payment. It appears that Plaintiff does not have funds for such a payment. Therefore, none will be ordered and the filing fee will be deducted by his custodian as money becomes available in Plaintiff's prison trust account.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

**IT IS FURTHER ORDERED** that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of September, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

If an inmate has been ordered to make Prison Litigation Reform Act payments in more than one action or appeal in the federal courts, the total amount collected for all cases cannot

---

[3]Plaintiff has previously been instructed that any attack on his conviction and sentence must be brought in this Court through a habeas petition under 28 U.S.C. § 2254. Street v. Montgomery County, Case No. 12CV823, Docket Entry 2 (MDNC Aug. 8, 2012). He was also given the forms for filing such a petition. Street v. Montgomery County, Case. No. 1:12CV807, Docket Entry 2 (MDNC Aug. 2, 2012).

exceed 20 percent of the inmate's preceding monthly income or trust account balance, as calculated under 28 U.S.C. § 1915(b)(2).

**IT IS RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

Date: August 27, 2012